J-S62006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM THOMAS CLARK | |
| Appellant | No. 254 MDA 2017 |

Appeal from the PCRA Order entered January 11, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0002146-2014

BEFORE: STABILE, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:         **FILED DECEMBER 21, 2017**

Appellant, William Thomas Clark, appeals from the January 11, 2017 order entered in the Court of Common Pleas of Dauphin County, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Following review, we affirm.

Our review of the record reveals that Appellant was arrested on December 7, 2013 and was charged, *inter alia*, with possession of a firearm prohibited, possession of a small amount of marijuana, and driving with a

_____

* Retired Senior Judge assigned to the Superior Court.

broken fog light.[1]  Following a June 11, 2014 trial, the jury found Appellant

guilty of the firearms violation and the trial court found him guilty of

possession of marijuana and the summary offense for driving with a broken

fog light.  The trial court sentenced Appellant to a term of four to eight years

in prison for the firearms violation and imposed fines and costs for the

remaining offenses.

On direct appeal to this Court, Appellant claimed that the verdict was

against the weight of the evidence and that the trial court imposed an

excessive sentence, failing to take into consideration mitigating factors.

*Commonwealth v. Clark*, 2172 MDA 2014, unpublished memorandum (Pa.

Super. filed August 19, 2015).  This Court affirmed, concluding the verdict

was not against the weight of the evidence and that Appellant failed to raise

a substantial question regarding his sentence.  *Id.*[2]

Appellant filed a timely *pro se* PCRA petition on June 3, 2016.  Counsel

was appointed and filed an amended petition on July 5, 2016.  In his amended

petition, Appellant argued ineffective assistance of trial counsel for failing to

_____

[1] 18 Pa.C.S.A. § 6105(a)(1), 35 P.S. § 708-113(a)(31)(i), and 75 Pa.C.S.A. § 4107(b)(2), respectively.  Appellant was initially charged with additional related offenses, which the Commonwealth withdrew prior to trial.

[2] The Court determined that Appellant's challenge to his sentence, even if it raised a substantial question, would be rejected as meritless because the trial court considered the mitigating factors raised by Appellant and appropriately imposed a sentence in the mitigated range.  *Commonwealth v. Clark*, 2172 MDA 2014, unpublished memorandum at 11 (Pa. Super. filed August 19, 2015).

conduct pre-trial discovery, failing to receive discovery in a timely manner, and failing to review the discovery with Appellant to discuss a viable defense. Appellant also claimed ineffective assistance of appellate counsel for failing to file a petition for allowance of appeal to our Supreme Court and failing to allege ineffective assistance of trial counsel on direct appeal. Appellant also asserted that his sentence was excessive and illegal.

On December 5, 2016, the PCRA court issued an order in accordance with Pa.R.Crim.P. 907, informing Appellant of the court's intention to dismiss the petition and advising him of the opportunity to file a response within twenty days. Appellant did not file a response. By order entered January 11, 2017, the PCRA court dismissed the petition.

Appellant filed a timely appeal from the January 11, 2017 order. The PCRA court directed Appellant to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b) and Appellant complied. Appellant asserted that trial counsel was ineffective for failing to conduct any pre-trial investigation and for "allowing" Appellant to be sentenced within the wrong guideline range. Appellant's Rule 1925(b) Statement, 3/8/17, at 4 (unnumbered). Appellant also claimed that he was sentenced under the wrong standards based on an incorrect offense gravity score ("OGS") score, but acknowledged the sentence imposed was not an illegal sentence. *Id.* at 5 (unnumbered). In its Rule 1925(a) opinion filed on March 22, 2017, the PCRA court explained that its reasons for dismissing the petition were set forth

in the December 5, 2016 opinion that accompanied its Rule 907 notice of dismissal.

On appeal, Appellant asks us to consider two issues:

1. Whether trial counsel was ineffective?

2. Whether the Appellant was sentenced under the wrong statute/offense gravity score (OGS)?

Appellant's Brief at 7.

In his first issue, Appellant asserts that his trial counsel was ineffective in three respects:  that he failed to conduct any pre-trial investigation, that he failed to file either a suppression motion or a motion for nominal bail, and that he "allowed" Appellant to be sentenced within the wrong guideline range. As this Court has recognized:

> "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted).  "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 614 Pa. 159, 36 A.3d 121, 131 (2012) (citation omitted).  "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." **Commonwealth v. Spotz**, 610 Pa. 17, 18 A.3d 244, 259 (2011) (citation omitted).  "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Id.**

**Commonwealth v. Medina**, 92 A.3d 1210, 1214-15 (Pa. Super. 2014) (*en banc*).

As the PCRA court recognized, counsel is presumed to be effective and Appellant bears the burden of establishing he was not.  Opinion in Support of

Rule 907 Notice, 12/5/16, at 2 (citing **Commonwealth v. Hutchinson**, 556 A.2d 370, 371 (Pa. 1989)). Appellant must demonstrate that his claim is of arguable merit, that counsel had no reasonable strategic basis for his action or inaction, and that, but for the errors or omissions of counsel, there is a reasonable probability the outcome would have been different. **Id.** at 3 (citing **Commonwealth v. Pierce**, 527 A.2d 973, 976 (Pa. 1987)). Further, Appellant must establish that his claims have not been litigated or waived. **Id.** (citing 42 Pa.C.S.A. § 9543(a)(3)). Generally, an issue is deemed litigated if considered and decided on direct appeal, and is deemed waived if it could have been raised at trial or on direct appeal but was not. **See** 42 Pa.C.S.A. § 9544(a)(2) and (b).

The PCRA court rejected Appellant requested relief for the claimed lack of pre-trial investigation, noting that the cases Appellants relied on were distinguishable from Appellant's case. Opinion in Support of Rule 907 Notice, 12/5/16, at 4. The PCRA court noted that one cited case involved murder charges whereas Appellant's case involved the comparatively less serious charges of a firearms violation, possession of a small amount of marijuana, and a summary offense for a broken fog lamp. The other cited case involved counsel's failure to interview witnesses disclosed in discovery. No similar allegations were raised here. Rather, Appellant simply complained that counsel failed to meet with him to review discovery. **Id.** Importantly,

Appellant failed to demonstrate a reasonable probability the outcome would have been different if counsel had met with him prior to trial.

With respect to counsel's alleged failure to file a suppression motion or a motion for nominal bail, we first note that Appellant did not assert any claims concerning the failure to file motions in either his *pro se* PCRA petition or his counseled amended petition. Therefore, he did not preserve the issue. Even if he had, Appellant fails to acknowledge that he did not want to delay his trial by filing a suppression motion. **See** Notes of Testimony, Trial, 6/11/14, at 5-16. Regarding the Rule 600 motion, the record does not reflect that Appellant asked counsel to file such a motion, despite Appellant's suggestion to the contrary in his Rule 1925(b) statement. Rule 1925(b) Statement, 3/8/17, at 4 (unnumbered). Further, while it was acknowledged during pre-trial proceedings on June 10, 2014 that the 180-day time period had elapsed a few days earlier, Appellant has not demonstrated how the outcome would have been different if a Rule 600 motion had been presented at that time. Moreover, we note Appellant received credit for time served for those few days, meaning he actually will complete his sentence sooner than if he had been released on nominal bail on the day before his trial or even on the 180th day, two or three days prior to trial.

Appellant also claims that trial counsel was ineffective for allowing Appellant to be sentenced within the wrong guideline range. Specifically, he contends that the trial court would have imposed a lesser sentence if counsel

had argued that the OGS of 10 was incorrect and should have been 9. However, Appellant has failed to establish that the outcome would have been different if counsel had contested the Commonwealth's assertion of an OGS of 10. As the PCRA judge, who was also the sentencing judge, explained:

> [Appellant] was convicted of possession of a firearm prohibited, which is graded as a felony 2 and carries a maximum sentence of ten years' incarceration, 18 Pa.C.S. § 6105(a.1), regardless of whether the OGS is a nine or a ten. [Appellant] received a sentence of four to eight years, well within the statutory maximum.

Opinion in Support of Rule 907 Notice, 12/5/16, at 6.

We find the PCRA court's findings on Appellant's ineffectiveness claims are supported by the record and are without legal error. Appellant is not entitled to relief on his first issue.

In his second issue, Appellant again raises the issue of his OGS. As the PCRA court observed, "Specifically, he contends, because the gun he was found in possession of was not loaded, his OGS should have been a nine rather than a ten. Thus, he claims, . . . he could have received a lesser sentence." Opinion in Support of Rule 907 Notice, 12/5/16, at 5.

Appellant acknowledges that his sentencing claim is not a claim of illegality of sentence. Rather, it is a challenge to the discretionary aspects of sentence. Appellant's Brief at 12 (citing **Commonwealth v. Archer**, 722 A.2d 203, 211 (Pa Super. 1998)). Further, Appellant recognizes the four prerequisites for a challenge to the discretionary aspects of sentencing, including the requirement that the issue must be preserved at sentencing or

in a motion to reconsider or modify the sentence. *Id.* (citing *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

While Appellant did preserve an excessive sentence claim in his post-sentence motion, that claim involved the trial court's alleged failure to consider mitigating circumstances in imposing Appellant's sentence. This Court rejected that claim on direct appeal, finding that Appellant did not raise a substantial question. *See* n. 2, supra. Appellant failed to preserve the issue he now asks us to consider in this appeal. Therefore, it is waived. *See* 42 Pa.C.S.A. § 9544(b).)

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2017